IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RAFAEL D. TAYLOR<br>　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br>　　Respondent. | Case No: 2:99-CR-20005-002<br><br>FILED<br>MAR -3 2008<br>CLERK OF THE COURT<br>U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF ILLINOIS |

MOTION FOR MODIFICATION OF A IMPOSED TERM OF IMPRISONMENT
PURSUANT TO TITLE 18 U.S.C. §3582(c)(2)

COMES NOW, Petitioner, Rafael D. Taylor, pro-se, moves this Honorable COurt, pursuant to 18 U.S.C. §3582(c)(2) and USSG §1B1.10(c), requesting his sentence be modified pursuant to Amendment 706 to the United States Sentencing Guidelines.

In support hereof the Petitioner states as follows:

1. That Mr. Taylor was convicted before this Court on, September 24, 1999, for a violation of 21 U.S.C. §841(b)(1)(A), Possession with Intent to Deliver Cocaine Base.

2. That he was sentenced before this Court on, September 24, 1999, to a term of 135 months; after the Court determined he was found with or accountable for a total of, 127.8 grams of cocaine base, "crack", at the time of sentencing.

3. That the U.S. Sentencing Commission has reduced its recommended sentences for crack-related offenses (see Amendment 706). This change in the guideline manual has narrowed the huge discrepency involving powder verses crack cocaine. The retroactive ruling of Amendment 706, as added to USSG §1B1.10(c), requires that a Federal

(1)

Defendant who petitions the Court by way of 18 U.S.C. §3582(c)(2) has his sentence reconsidered and subsequently modified.

The Petitioner, Mr. Taylor, was found accountable for a total of 127.8 grams of "crack" cocaine. According to 2D1.1(c), pre-Amendment 706, Mr. Taylor's base offense level was scored at a 32, he was also placed in criminal history category 3. Mr. Taylor then received a two level enhancement for a firearm placing his base offense level at 34. Mr. Taylor then received a three level downward reduction due to his acceptance of responsibility. This placed Mr. Taylor at a level 31, when intercepted by criminal history category three places him in a sentencing range of 135-168 months of imprisonment. Mr. Taylor was sentenced to the low end of the guideline range to 135 months.

Post-Amendment 706, Mr. Taylor's base offense level for 127.8 grams of "crack cocaine" would be a level 30. With the two level upward enhancement for a firearm would place him at a level 32. With the three level reduction for acceptance of responsibility he would be placed at a level 29, at a criminal history category 3, his sentencing range would be 108-135. Due to the fact of his mandatory minimum he would not be able to get the low end of the sentencing range, but he would be able to receive his mandatory minimum of 121 months. This would be a substantial change in his sentence as he would be eligible for immediate release, as he has already served over nine years of incaceration.

Wherefore, the Petitioner, Mr. Taylor, is requesting that he be granted a full sentencing reconsideration hearing to resolve any sentencing issues. Though if this matter may be resolved by just reducing his sentence in accordance with the recommended

set reduction as calculated by the U.S. Sentencing Commission, the Petitioner will option for that relief instead.

## CONCLUSION

The Petitioner, Mr. Taylor, request of this Court to please take into account his post-incaceration rehabilitative efforts. Mr. Taylor has completed Vocational Training Programs of Welding, and Auto-Cad. He has completed a college certificate course offered by Illinois Central College for Small Business Management. He has completed Adult Continuing Education in Economics. He has over 25 hrs of Narcotics Anonymous, and the 40 hr Drug Program. He has completed all his financial obligations through the institutional FRP program. He has maintained family and community ties and developed a positive support group who will aid him in the transition back into society. He has went beyond being a model inmate to being a model citizen.

Wherefore Mr. Taylor respectfully request of this Honorable Court to reduce his sentence in accord to the retroactive Amendment 706 to the U.S. Sentencing GUidelines.

Respectfully Submitted,

*Rafael Taylor*
Rafael D. Taylor, pro-se
#11653-026
P.O. Box 5000
Pekin, Illinois 61555-5000

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of this Motion to the United States Attorney Office for the Central District of Illinois. By placing a copy in the hands of mailroom staff at FCI Pekin, in Pekin, illinois.

I further certify that the above is true and correct as witness by my hand under 28 U.S.C. 1746.

*Rafael Taylor*
Rafael D. Taylor

BP-S187.058        PROGRESS REPORT

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| Institution: FCI Pekin 2600 South Second Street, P.O. Box 7000, Pekin, Illinois 61555-7000 (309) 346-8588 | Date: February 9, 2008 |
|---|---|

**Inmate Reviewed**

| Inmate's Signature: *Rafael Taylor* | Date: 2-28 | Staff Signature: |
|---|---|---|

1. Type of Progress Report

__ Initial    __ Statutory Interim    X Pre-Release
__ Transfer   __ Triennial            __ Other (Specify)

| 2. Inmate's Name: TAYLOR, Rafael D. | 3. Register Number: 11653-026 | 4. Age (DOB): 28 ( _____ 1979) |
|---|---|---|
| 5. Present Security/Custody Level: Low/IN ||| 
| 6. Offense/Violator Offense: Possession Of Cocaine Base With Intent To Distribute |||
| 7. Sentence: 3559 PLRA Sentence, 135 months imprisonment, 5 years supervised release, $100.00 assessment |||
| 8. Sentence Began: 09-24-1999 | 9. Months Served + Jail Credit 101 months + 161 days JCT | 10. Days GCT/or EGT/SGT 401 days GCT |
| 11. Days FSGT/WSGT/DGCT 31 days DGCT | 12. Projected Release: 02-28-2009 via GCT | 13. Last USPC Action: N/A |
| 14. Detainers/Pending Charges: None known |||
| 15. Co-defendants: See PSI |||

For Continuation Pages, type on a blank sheet with the Inmate's Name, Register No., and Date and attach to this form.

Record Copy - Inmate File; copy - U.S. Probation Office; copy - Parole Commission Regional Office (if applicable); copy - Inmate

(This form may be replicated via WP)            (Replaces all BP-Class-3 and BP-187(58) of Nov 90)

**Progress Report - Continued**

Name: TAYLOR, Rafael D.          Register No.: 11653-026    Date: February 9, 2008

**16. INSTITUTIONAL ADJUSTMENT:** Mr. Taylor has had excellent institutional adjustment. He has not had an incident for almost five years and he takes part in numerous educational programs. His interactions with staff and his inmate peers are always positive.

    A. **Program Plan:** Inmate Taylor met with his unit team at FCI Pekin for his initial classification. He has had subsequent reviews. The unit team recommended educational programing, Drug Education, participation in the Inmate Financial Responsibility Program and the Release Preparation Program, when eligible. Subsequent program reviews have tracked his progress and updated his goals accordingly. He makes good progress in obtaining his program objectives.

    B. **Work Assignment:** Upon arrival of FCI Pekin, Taylor was assigned to Food Service, for eight months. He was then assigned as a Compound Orderly for six months. Taylor was then assigned to the Trash Crew for 6 weeks. He was assigned to his current detail in UNICOR on May 8, 2001. Taylor receives good work reports.

    C. **Educational/Vocational Participation:** Taylor has completed the following courses at FCI Pekin: 800 hours in Welding; Economics, BACK/ABS. He has also completed 218 hours of Auto CAD vocational training and a Small Business Management Certificate with over 384 hours of credit. He was recently awarded a Certificate for Welding Safety after completing the UNICOR Welding Safety Course.

    D. **Counseling Programs:** Taylor has completed 25 hours in Narcotics Anonymous at FCI Pekin.

    E. **Incident Reports:**

| Date | Code/Offense | Disposition |
|---|---|---|
| 03-26-2002 | 222/Possessing Intoxicants | DHO: 14 days DGCT, 15 days DS, 90 days loss of commissary |
| 01-14-2003 | 201/Fighting With Another Person | DHO: 14 days DGCT, 15 days DS |
| 04-16-2003 | 329/Destroy Property $100 Or Less | DHO: 3 days DGCT, monetary restitution |

    F. **Institutional Movement:** Taylor was initially designated to FCI Pekin, on October 21, 1999. There has been no other movement.

    G. **Physical/Mental Health:** Inmate Taylor is assigned regular work duty status with medical restrictions. He suffers from Asthma. This condition is under control. He is considered a Care Level II inmate. There is no indication of mental health concerns. He should be considered fully employable upon release.

    H. **Progress on Financial Responsibility Program:** Taylor was ordered to pay a $100.00 felony assessment, which he has paid. Taylor has also paid $31.50 restitution for the incident report he received on April 16, 2003.

**17. RELEASE PLANNING:** Taylor has indicated he intends to reside in Champaign, Illinois upon release from custody. He is being submitted for RRC placement. His earliest possible placement date is August 28, 2008.

**Progress Report - Continued**

Name: TAYLOR, Rafael D.            Register No.: 11653-026            Date: February 9, 2008

    A. **Residence:**          To be established

    B. **Employment:**          To be established

    C. **USPO:**          ILLINOIS CENTRAL DISTRICT    8-17-06
                         Richard J. Carroll, CUSPO
                         201 South Vine
                         127 U.S. Courthouse
                         Urbana, IL 61801
                         217-373-5851/Fax 217-373-5860
                         Peoria Office 309-671-7031

    D. **Release Preparation Program:**  It is anticipated Taylor will complete the Release Preparation Program prior to his release from custody. It is anticipated he will complete the following courses: Health and Nutrition, Personal Growth & Development, Personal Finance/consumer Skills, Employment, Community Resources and Release Requirements & Procedures.

    Offender is subject to notification under 18 U.S.C. 4042(b),
       Yes __XX__  No ____, due to the offender's:

       ✔ (1) Conviction for a drug trafficking crime.
          (2) Current conviction for a crime of violence.
          (3) Past conviction for a crime of violence.

18. Created By: _____[signature]_____ Date: February 9, 2008
             Michael C. Schallmoser, Case Manager

19. Reviewed By: _____[signature]_____ Date: 2/11/08
              P. Thompson, Unit Manager